UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OMAR GONZALEZ-CARRALERO,

        Petitioner,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

        Respondents.
_____/

Case No. 1:26-cv-3

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action on January 2, 2026, by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1), a motion for expedited consideration (ECF No. 3), and an emergency motion for supervised release (ECF No. 4). In a separate order, the Court granted Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice, dismiss Petitioner's motion for expedited consideration (ECF No. 3) as moot, and deny Petitioner's emergency motion for supervised release (ECF No. 4). The Court will also disregard the filings by non-party Ashley Miles (ECF Nos. 12 and 14).

## Discussion

**I.    Procedural History**

Petitioner initiated this *pro se* § 2241 petition while detained by ICE at the North Lake Processing Center (Pet., ECF No. 1, PageID.2; Pet'r Decl., ECF No. 1-1, PageID.6.) Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.1.) Petitioner also sought expedited consideration of his petition (ECF No. 3) and supervised release on an emergency basis (ECF No. 4).

In an order entered on January 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on January 9, 2026, (ECF No. 10.)

On January 13, 2026, non-party Ashley Miles filed an "emergency motion for temporary restraining order." (ECF No. 12.) Ms. Miles filed an "emergency notice of material factual errors" the following day. (ECF No. 14.) On January 23, 2026, Respondents filed a supplemental response. (ECF No. 15.)

## II.    Non-Party Motions

On January 13, 2026, non-party Ashley Miles filed an "emergency motion for temporary restraining order." (ECF No. 12.) In her motion, Ms. Miles requests that the Court enjoin Respondents from removing or transferring Petitioner outside of the district and stating that she "file[s] as next friend due to [Petitioner's] ICE detention and ongoing transfer outside this Court's jurisdiction." (*Id.*, PageID.38.) On January 14, 2026, Ms. Miles filed an "emergency notice of material factual errors," stating, *inter alia*, that Petitioner had been transferred to Pine Prairie, Louisiana. (ECF. No. 14, PageID.51.)

Ms. Miles is not a party to this action. In a habeas case such as this, there is a petitioner (the noncitizen detainee) and the respondent(s) (the person(s) with custody of the petitioner). The Habeas Rules do not anticipate that other people may involve themselves in a habeas case, except in certain specified circumstances that are not applicable here. And, a person who is not a party to

the case has no right to file documents with the Court, particularly without first being granted leave to do so.

Ms. Miles suggests that she files her motion and notice as "next friend." (ECF No. 12, PageID.39.) "Next friend" status is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The next friend tool is codified at 28 U.S.C. § 2242, which provides that a petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted).

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 163–64 (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

Here, Ms. Miles has not made the showing required to proceed as next friend. While the Court does not doubt that Ms. Miles has the best interests of her father in mind, Petitioner Omar Gonzalez-Carralero successfully initiated this action on his own behalf while detained at North Lake Processing Center. (*See* Pet., ECF No. 1.) The Court has not been provided with any information to suggest that Petitioner is now unable to continue to prosecute his habeas petition due to "inaccessibility, mental incompetence, or other disability." *See Whitmore*, 495 U.S. at 163–64. Accordingly, the Court is unable to consider the filings by Ms. Miles and will disregard the "emergency motion for temporary restraining order" (ECF No. 12) and "emergency notice of material factual errors" (ECF No. 14), filed on January 13, 2026, and January 14, 2026, respectively.

### III.   Factual Background

Petitioner is a native and citizen of Cuba. (Cooper Decl. ¶ 4, ECF No. 10-1, PageID.32.) He last entered the United States on May 16, 1997, and was paroled into the United States pursuant to § 212(d)(5) of the Immigration Act, which is codified at 8 U.S.C. § 1182(d)(5). (*Id.*) On June 11, 1999, Petitioner "adjusted his status to that of a lawful permanent resident pursuant to the Cuban Adjustment Act." (*Id.* ¶ 5.)

Petitioner was subsequently convicted of driving on a suspended license, second offense, prostitution–accosting and soliciting, fourth degree criminal sexual conduct, and domestic violence. (*Id.* ¶¶ 6–8, PageID.33.) On March 24, 2012, ICE agents arrested Petitioner and charged him with being removable under § 237(a)(2)(A)(ii) of the INA because Petitioner had been convicted of two crimes involving moral turpitude. (*Id.* ¶ 9.)

On May 14, 2021, an Immigration Judge ordered Petitioner removed to Cuba. (*Id.*, ¶¶ 10–13, PageID.33–34.) ICE applied for travel documents for Petitioner to facilitate Petitioner's

4

removal; however, Cuba failed to issue those documents, and Petitioner was released on an order of supervision. (*Id.* ¶¶ 14–16, PageID.34; Pet., ECF No. 1, PageID.1.)

On December 16, 2025, ICE agents arrested Petitioner when he reported to an ICE office. (Cooper Decl. ¶ 17, ECF No. 10-1, PageID.35.) Petitioner was then served with a removal notice, informing Petitioner that he would be removed to Mexico. (*Id.* ¶ 17.) Petitioner was originally scheduled to be flown to Mesa, Arizona, on December 29, 2025, to be staged for removal to Mexico by ground transportation. (*Id.* ¶ 19.) When Petitioner's flight to Mesa, Arizona, was canceled, ICE rescheduled Petitioner for a flight on January 12, 2026. (*Id.* ¶ 20.) Due to a flight schedule change, on January 13, 2026, Petitioner was transported to Alexandria, Louisiana. (Cooper Suppl. Decl., ¶ 20, ECF No. 15-1, PageID.67.) On January 19, 2026, Petitioner was then transported from Alexandria, Louisiana to Mesa, Arizona, where he was taken to the Florence Staging Facility awaiting removal to Mexico. (*Id.*, ¶¶ 21–22.)

## IV. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## V. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.1; Resp., ECF No. 10, PageID.27.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). It is undisputed that Petitioner was ordered removable under § 1227(a)(2), which concerns removal for criminal offenses.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner contends that his detention is unlawful under *Zadvydas v. Davis* and violates the Fifth Amendment's Due Process Clause because he was already detained for approximately six months following initial entry of the order of removal in 2012, and removal is not reasonably foreseeable. (Pet., ECF No. 1, Page 1.) In response, Respondents argue that Petitioner's detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* and its limitations concerning post-removal detention because removal to Mexico is imminent. (Resp., ECF No. 10, Page 27–28.)

6

Here, regardless of whether the 90-day and six-month clocks began to run in 2012 or started anew when Petitioner was arrested on December 16, 2025, the evidence before the Court indicates that Petitioner's removal to Mexico is reasonably foreseeable.

In claiming that removal is not reasonably foreseeable, Petitioner asserts that he was previously "detained by ICE for approximately six months" following his 2012 final order of removal, and "the same obstacles exist today" as did when the Government attempted to remove Petitioner to Cuba in 2012. (Pet., ECF No. 1, PageID.1.) The record before the Court suggests otherwise. Rather than continuing their attempts to remove Petitioner to Cuba, Respondents provided Petitioner with a Third Country Removal Notice, informing Petitioner that he would be removed to Mexico, and Respondents have taken steps to execute that plan. (Cooper Decl., ¶¶ 18, ECF No. 10-1, PageID.35.) Respondents have transported Petitioner from the North Lake Processing Facility to the Florence Staging Facility, where Petitioner is awaiting removal to Mexico. (Cooper Suppl. Decl., ¶¶ 20–22, ECF No. 15-1, PageID.67.) Therefore, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.

## VI.    Pending Motions, Other Claims, and Other Forms of Relief

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court will dismiss Petitioner's motion for expedited consideration (ECF No. 3) as moot, deny Petitioner's emergency motion for supervised release (ECF No. 4), and deny other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter an order and judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice and addressing the pending motions in this case.


Dated:   January 27, 2026                           /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge